David A. Fitzgerald – (Arizona Bar No. 020446)
TITUS BRUECKNER & LEVINE PLC
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Tel:   (480) 483-9600
Fax:   (480) 483-3215
dfitzgerald@tbl-law.com
*Attorneys for Defendant Richard A. Jefferson*

Aaron K. McClellan – (California Bar No. 197185)- admitted *pro hac vice*
Bryan L. Saalfeld – (California Bar No. 243331)- admitted *pro hac vice*
Charles N. Bahlert – (California Bar No. 293094)- admitted *pro hac vice*
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:   (415) 788-1900
Fax:   (415) 393-8087
AMcClellan@mpbf.com
BSaalfeld@mpbf.com
CBahlert@mpbf.com
*Attorneys for Defendant Richard A. Jefferson*

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA**

| | |
|---|---|
| WESTERN ALLIANCE BANK, an Arizona corporation, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD JEFFERSON, an individual man, <br><br> Defendant. <br> _____ <br> RICHARD JEFFERSON, an individual man, <br><br> Counterclaimant <br><br> v. <br><br> WESTERN ALLIANCE BANK, an Arizona corporation <br><br> Counter-Defendant | Case No.: 2:14-cv-00761-JWS <br><br><br><br> **ANSWER AND COUNTERCLAIM** |

For his Answer and Counterclaim, Defendant Richard A. Jefferson ("Jefferson") admits,

denies and affirmatively alleges as follows:

1. Jefferson admits ¶1 of the Complaint (Breach of Contract) (the "Complaint") filed by Plaintiff Western Alliance Bank, an Arizona corporation ("Alliance").

2. Jefferson admits ¶2 of the Complaint.

3. The allegations in ¶3 of the Complaint are allegations of law to which no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits that the Superior Court of the State of Arizona, in and for the County of Maricopa, had jurisdiction when the Complaint was filed therein. Jefferson affirmatively alleges that the Action has been removed to this Court.

4. The allegations in ¶4 of the Complaint are allegations of law to which no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits that venue was proper when the Complaint was filed in the Superior Court of the State of Arizona, in and for the County of Maricopa. Jefferson denies the remaining allegations in ¶4 of the Complaint. Jefferson affirmatively alleges that the Action has been removed to this Court and that venue is proper.

5. To the extent that, and insofar as, the allegations in ¶5 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits, denies and affirmatively alleges as follows:

- Jefferson admits that Alliance filed a document entitled *Appendix of Loan Documents* (the "Appendix") in the Superior Court of the State of Arizona, in and for the County of Maricopa, on the same day on which Alliance filed the Complaint in that court.

- Jefferson admits that Alliance attached documents as Exhibits A-M to the Appendix.

- Jefferson admits that Alliance incorporated the documents attached as Exhibits A-M to the Appendix by reference into the Complaint.

- Jefferson denies that he signed and delivered all of the documents attached as Exhibits A-M to the Appendix.

1     •     Jefferson denies that all of the documents attached as Exhibits A-M to the Appendix are enforceable against Jefferson.

    •     With respect to the remaining allegations in ¶5 of the Complaint, Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶6-8 of the Complaint.

6.     Jefferson admits that a document entitled *Consumer Revolving Line of Credit*, and purporting to be dated October 5, 2004 (the "4825 Loan Document"), is attached at Exhibit A to the Appendix. The 4825 Loan Document purportedly pertains to a purported Consumer Revolving Line of Credit with a principal amount of $500,000, with a Loan Date of October 5, 2004, with a Maturity Date of October 5, 2005, and with a Loan No. ending in 4825 (the "4825 Loan"). Richard Jefferson is the purported Borrower of the 4825 Loan; however, Jefferson disputes the authenticity of the signature included in the 4825 Loan Document. Jefferson also lacks sufficient information to determine whether he received the proceeds or benefits, if any, of the 4825 Loan, and on that basis denies these allegations. With respect to the remaining allegations in ¶6 of the Complaint, Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5 and 7-8 of the Complaint.

7.     To the extent that, and insofar as, the allegations in ¶7 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits, denies and affirmatively alleges as follows:

    •     Jefferson admits that the 4825 Loan Document is attached at Exhibit A to the Appendix. The 4825 Loan Document purportedly pertains to the 4825 Loan. Richard Jefferson is the purported Borrower of the 4825 Loan; however, Jefferson disputes the authenticity of the signature included in the 4825 Loan Document. Jefferson also lacks sufficient information to determine whether he received the proceeds or benefits, if any, of the 4825 Loan, and on that basis denies these allegations.

    •     Jefferson admits that a document entitled *Consumer Revolving Line of Credit Change in Terms Agreement*, and purporting to be dated September 13, 2005 (the

1  "9/13/05 Extension Document for the 4825 Loan"), is attached at Exhibit B to the Appendix.
2  The 9/13/05 Extension Document for the 4825 Loan purports to extend the Maturity Date of
3  the 4825 Loan to October 5, 2006. Jefferson disputes the authenticity of the signature included
4  in the 9/13/05 Extension Document for the 4825 Loan. Jefferson denies that the 4825 Loan
5  Document is enforceable against him. Jefferson also lacks sufficient information to determine
6  whether he received the proceeds or benefits, if any, of the 4825 Loan, and on that basis denies
7  these allegations.

8  • Jefferson admits that a document entitled *Consumer Revolving Line of*
9  *Credit Change in Terms Agreement*, and purporting to be dated September 26, 2006 (the
10 "9/26/06 Extension Document for the 4825 Loan"), is attached at Exhibit C to the Appendix.
11 The 9/26/06 Extension Document for the 4825 Loan purports to extend the Maturity Date of
12 the 4825 Loan to October 5, 2007. Jefferson disputes the authenticity of the signature included
13 in the 9/26/06 Extension Document for the 4825 Loan that document. Jefferson also lacks
14 sufficient information to determine whether he received the proceeds or benefits, if any, of the
15 9/26/06 Extension Document, and on that basis denies these allegations.

16 • Jefferson admits that a document entitled *Consumer Revolving Line of*
17 *Credit Change in Terms Agreement*, and purporting to be dated August, 13, 2007 (the "8/13/07
18 Extension Document for the 4825 Loan"), is attached at Exhibit D to the Appendix. The
19 8/13/07 Extension Document for the 4825 Loan purports to extend the Maturity Date of the
20 4825 Loan to August 5, 2008. Jefferson disputes the authenticity of the signature included in
21 the 8/13/07 Extension Document for the 4825 Loan. Jefferson also lacks sufficient information
22 to determine whether he received the proceeds or benefits, if any, of the 8/13/07 Extension
23 Document, and on that basis denies these allegations.

24 • Jefferson admits that a document entitled *Consumer Revolving Line of*
25 *Credit Change in Terms Agreement*, and purporting to be dated August 6, 2008 (the "8/6/08
26 Extension Document for the 4825 Loan"), is attached at Exhibit E to the Appendix. The 8/6/08
27 Extension Document for the 4825 Loan purports to extend the Maturity Date of the 4825 Loan
28 to August 15, 2009. Jefferson disputes the authenticity of the signature included in the 8/6/08

Extension Document for the 4825 Loan. Jefferson also lacks sufficient information to determine whether he received the proceeds or benefits, if any, of the 8/6/08 Extension Document, and on that basis denies these allegations.

- Jefferson admits that a document entitled *Consumer Revolving Line of Credit Change in Terms Agreement*, and purporting to be dated August 15, 2009 (the "8/15/09 Extension Document for the 4825 Loan"), is attached at Exhibit F to the Appendix. The 8/15/09 Extension Document for the 4825 Loan purports to extend the Maturity Date of the 4825 Loan to August 15, 2010. Jefferson disputes the authenticity of the signature included in the 8/15/09 Extension Document for the 4825 Loan. Jefferson also lacks sufficient information to determine whether he received the proceeds or benefits, if any, of the 8/15/09 Extension Document, and on that basis denies these allegations.

- Jefferson admits that a document entitled *Consumer Revolving Line of Credit*, and purporting to be dated August 16, 2010 (the "5289 Loan Document"), is attached at Exhibit G to the Appendix. The 5289 Loan Document purportedly pertains to a purported Consumer Revolving Line of Credit with a principal amount of $500,000, with a Loan Date of August 16, 2010, with a Maturity Date of August 15, 2011, and with a Loan No. ending in 5289 (the "5289 Loan"). Richard Jefferson is the purported Borrower of the 5289 Loan; however, Jefferson disputes the authenticity of the signature included in the 5289 Loan Document. Jefferson also lacks sufficient information to determine whether he received the proceeds or benefits, if any, of the 5289 Loan, and on that basis denies these allegations. Jefferson also affirmatively alleges that the 5289 Loan Document does not state that it amends the 4825 Loan Document.

- Jefferson admits that a document entitled *Promissory Note*, and purporting to be dated December 23, 2011 (the "9169 Business Loan Note Document"), is attached at Exhibit H to the Appendix. The 9169 Business Loan Note Document purportedly pertains to a purported loan with a principal amount of $500,000, with a Loan Date of December 23, 2011, with a Maturity Date of November 15, 2012, and with a Loan No. ending in 9169 (the "9169 Business Loan"). Richard Jefferson is the purported Borrower of the 9169 Business Loan;

1 however, Jefferson disputes the authenticity of the signature included in the 9169 Business
2 Loan Note Document.  Jefferson also lacks sufficient information to determine whether he
3 received the proceeds or benefits, if any, of the 9169 Business Loan, and on that basis denies
4 these allegations.  Jefferson also affirmatively alleges that the 9169 Business Loan Note
5 Document does not state that it amends the 5289 Loan Document or the 4825 Loan Document.

- Jefferson admits that a document entitled *Business Loan Agreement*, and purporting to be dated December 23, 2011 (the "9169 Business Loan Document"), is attached at Exhibit I to the Appendix. Jefferson disputes the authenticity of the signature included in the 9169 Business Loan Document. Jefferson also affirmatively alleges that the 9169 Business Loan Document does not state that it amends the 5289 Loan Document or the 4825 Loan Document.  Jefferson also lacks sufficient information to determine whether he received the proceeds or benefits, if any, of the 9169 Business Loan Document, and on that basis denies these allegations.

- Jefferson admits that a document entitled *Change in Terms Agreement*, purporting to be dated November 15, 2012 (the "11/15/12 Extension Document for Business Loan 9169"), is attached at Exhibit J to the Appendix.  The 11/15/12 Extension Document for Business Loan 9169 purports to extend the Maturity Date of the 9169 Business Loan to January 15, 2013. Jefferson disputes the authenticity of the signature included in the 11/15/12 Extension Document for Business Loan 9169.  Jefferson also lacks sufficient information to determine whether he received the proceeds or benefits, if any, of the 11/15/12 Extension Document, and on that basis denies these allegations.

- Jefferson admits that a document entitled *Change in Terms Agreement*, purporting to be dated January 15, 2013 (the "1/15/13 Extension Document for Business Loan 9169"), is attached at Exhibit K to the Appendix.  The 1/15/13 Extension Document for Business Loan 9169 purports to extend the Maturity Date of the 9169 Business Loan to November 15, 2013. Jefferson disputes the authenticity of the signature included in the 1/15/13 Extension Document for Business Loan 9169.  Jefferson affirmatively alleges that he did not sign and deliver the 1/15/13 Extension Document for Business Loan 9169. Jefferson also lacks

1 sufficient information to determine whether he received the proceeds or benefits, if any, of the 1/15/13 Extension Document, and on that basis denies these allegations.

- Jefferson admits that a letter, dated on or about December 20, 2013 (the "12/20/13 Letter") is attached at Exhibit L to the Appendix. Jefferson affirmatively alleges that the 12/20/13 Letter 9169 Business Loan Note Document does not state that it amends the 9169 Business Loan Note Document, the 9169 Business Loan Document, the 5289 Loan Document or the 4825 Loan Document.

8. To the extent that, and insofar as, the allegations in ¶8 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-7 of the Complaint.

9. To the extent that, and insofar as, the allegations in ¶9 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson denies ¶9 of the Complaint. Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

10. To the extent that, and insofar as, the allegations in ¶10 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson denies ¶10 of the Complaint. Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

11. To the extent that, and insofar as, the allegations in ¶11 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson denies ¶11 of the Complaint.

1  Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business
2  Loan Note Document, and the 9169 Business Loan Document are enforceable against
3  Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his
4  answers to ¶¶5-8 of the Complaint.

5      12.    To the extent that, and insofar as, the allegations in ¶12 of the Complaint are
6  allegations of law, not allegations of fact, no response is required.  Notwithstanding the
7  foregoing, and in the event that a response is required, Jefferson denies ¶12 of the Complaint.
8  Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business
9  Loan Note Document, and the 9169 Business Loan Document are enforceable against
10 Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his
11 answers to ¶¶5-8 of the Complaint.

12     13.    To the extent that, and insofar as, the allegations in ¶13 of the Complaint are
13 allegations of law, not allegations of fact, no response is required.  Notwithstanding the
14 foregoing, and in the event that a response is required, Jefferson denies ¶13 of the Complaint.
15 Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business
16 Loan Note Document, and the 9169 Business Loan Document are enforceable against
17 Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his
18 answers to ¶¶5-8 of the Complaint.

19     14.    To the extent that, and insofar as, the allegations in ¶14 of the Complaint are
20 allegations of law, not allegations of fact, no response is required.  Notwithstanding the
21 foregoing, and in the event that a response is required:

22     • Jefferson admits that a letter dated on or about January 16, 2014 (the
23 "1/16/14 Letter") is attached at Exhibit M to the Appendix.

24     • Jefferson admits that he received the 1/16/14 Letter.

25     • Jefferson admits that the 1/16/14 Letter purports to be in regard to the
26 4825 Loan, the 5289 Loan and the 9169 Loan.

27     • Jefferson admits that the 1/16/14 Letter purports to provide notice of a
28 purported "default by reason of Borrower's failure to pay all outstanding principal plus all

- 8 -

1  accrued and unpaid interest on November 15, 2013 (the 'Default')."

2      •     Jefferson admits that the 1/16/14 Letter purports to demand the Borrower
3  to remedy the purported Default.

4      •     Jefferson denies that the 4825 Loan Document, the 5289 Loan Document,
5  the 9169 Business Loan Note Document, and the 9169 Business Loan Document are
6  enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters
7  referred to in his answers to ¶¶5-8 of the Complaint.

8      15.     Responding to ¶15 of the Complaint, Jefferson admits that the 1/16/14 Letter is
9  attached at Exhibit M to the Appendix. Jefferson denies the remaining allegations in ¶15 of the
10 Complaint.  Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the
11 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable
12 against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in
13 his answers to ¶¶5-8 of the Complaint.

14     16.     To the extent that, and insofar as, the allegations in ¶16 of the Complaint are
15 allegations of law, not allegations of fact, no response is required. Notwithstanding the
16 foregoing, and in the event that a response is required, Jefferson denies that the 4825 Loan
17 Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169
18 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and
19 affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

20     17.     To the extent that, and insofar as, the allegations in ¶17 of the Complaint are
21 allegations of law, not allegations of fact, no response is required. Notwithstanding the
22 foregoing, and in the event that a response is required, Jefferson denies that the 4825 Loan
23 Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169
24 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and
25 affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

26     18.     To the extent that, and insofar as, the allegations in ¶18 of the Complaint are
27 allegations of law, not allegations of fact, no response is required. Notwithstanding the
28 foregoing, and in the event that a response is required, Jefferson denies that the 4825 Loan

Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

19. To the extent that, and insofar as, the allegations in ¶19 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

20. The allegations in ¶20 of the Complaint are allegations of law, to which no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits that the Action purportedly arises out of contract. Jefferson affirmatively alleges that A.R.S. §12-341 and §12-341.01 authorize an award of costs and, in the Court's discretion, reasonable attorneys' fees to the prevailing party in actions arising out of contract. Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

21. To the extent that, and insofar as, the allegations in ¶21 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶1-20 of the Complaint.

22. To the extent that, and insofar as, the allegations in ¶22 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson denies ¶22. Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the

1  Complaint.

2       23.    To the extent that, and insofar as, the allegations in ¶23 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson denies ¶23. Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

     24.    Responding to ¶24 of the Complaint, Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

     25.    To the extent that, and insofar as, the allegations in ¶25 of the Complaint are allegations of law, not allegations of fact, no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson denies ¶23. Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

     26.    The allegations in ¶26 of the Complaint are allegations of law, to which no response is required. Notwithstanding the foregoing, and in the event that a response is required, Jefferson admits that the Action purportedly arises out of contract. Jefferson affirmatively alleges that A.R.S. §12-341 and §12-341.01 authorize an award of costs and, in the Court's discretion, reasonable attorneys' fees to the prevailing party in actions arising out of contract. Jefferson denies that the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, and the 9169 Business Loan Document are enforceable against Jefferson. Jefferson admits, denies and affirmatively alleges the matters referred to in his answers to ¶¶5-8 of the Complaint.

27. Jefferson denies all allegations in the Complaint to the extent not expressly admitted in ¶¶1-26 above.

28. Jefferson affirmatively alleges that he is entitled to an award of his costs and reasonable attorneys' fees incurred in defending against this Action pursuant to A.R.S. §12-341 and §12-341.01.

29. Jefferson demands a jury trial.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without acknowledging that Jefferson bears any burden of proof, Jefferson asserts the following affirmative defenses:

### First Affirmative Defense

Alliance has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Fraud and Forgery)

Jefferson did not execute and deliver the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, or the 9169 Business Loan Document; and Jefferson did not execute and deliver all of the other documents attached at Exhibits A-L to the Appendix.

### Third Affirmative Defense

### (Lack of Authorization)

Jefferson did not authorize the borrowing of the 4825 Loan, the 5289 Loan or the 9169 Business Loan; and Jefferson did not authorize the execution and delivery of the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document or the 5169 Business Loan Document, or all of the other documents attached at Exhibits A-L to the Appendix.

### Fourth Affirmative Defense

### (Failure of Consideration)

Jefferson did not receive the proceeds or benefits, if any, of the 4825 Loan, the 5289 Loan or the 9169 Business Loan.

**Fifth Affirmative Defense**

**(No Meeting of the Minds)**

There was no meeting of the minds of Alliance and Jefferson with respect to the 4825 Loan, the 5289 Loan or the 9169 Business Loan, or with respect to the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document, or the 9169 Business Loan Document, or all of the other documents attached at Exhibits A-K to the Appendix.

**Fifth Affirmative Defense**

**(No Acceptance)**

Jefferson did not accept the borrowing of the 4825 Loan, the 5289 Loan or the 9169 Business Loan; and Jefferson did not accept the 4825 Loan Document, the 5289 Loan Document, the 9169 Business Loan Note Document or the 5169 Business Loan Document, or all of the other documents attached at Exhibits A-K to the Appendix.

**Sixth Affirmative Defense**

**(Payment or Satisfaction)**

To the extent that, and insofar as, Alliance has been paid on, or otherwise has been satisfied with respect to, the 4825 Loan, Alliance cannot recover further thereon from Jefferson. To the extent that, and insofar as, Alliance has been paid on, or otherwise has been satisfied with respect to, the 5289 Loan, Alliance cannot recover further thereon from Jefferson. To the extent that, and insofar as, Alliance has been paid on the 9169 Business Loan, , or otherwise has been satisfied with respect to, Alliance cannot recover further thereon from Jefferson.

**Seventh Affirmative Defense**

**(Substituted Contract or Novation)**

To the extent that, and insofar as, the 5289 Loan (and the 5289 Loan Document) is (are) a substituted contract for or novation of the 4825 Loan (and the 4825 Loan Document, and extensions), Alliance cannot recover on the 4825 Loan (or the 4825 Loan Document, and extensions). To the extent that, and insofar as, the 9169 Business Loan (and the 9169 Business Loan Note Document and the 9169 Business Loan Document, and extensions) is (are) a

substituted contract for or novation of the 5289 Loan (and the 5289 Loan Document) and/or the 4825 Loan (and the 4825 Loan Document, and extensions), Alliance cannot recover on the 5289 Loan (or the 5289 Loan Document) and/or on the 4825 Loan (or the 4825 Loan Document, and extensions).

**Eighth Affirmative Defense**

**(Laches and Statue of Limitations)**

To the extent that, and insofar as, Alliance's claim is barred by laches or the applicable statute of limitations, Jefferson pleads those defenses.

**Ninth Affirmative Defense**

**(Negligence)**

The negligence or other fault of Alliance and one or more of its employees caused or contributed to any loss or damage suffered by Alliance. Without limiting the generality of the foregoing, Alliance did not verify the signatures of its customer or purported customer. Therefore, to the extent Alliance has suffered any loss, it is not entitled to recover damages because of its negligent acts.

**Tenth Affirmative Defense**

**(Breach of Covenant of Good Faith and Fair Dealing)**

A covenant of good faith and fair dealing is implied in every contract in Arizona. To the extent that Jefferson and Alliance had a contract, Alliance owed a duty of good faith and fair dealing to Jefferson; and Alliance breached such duty by, *inter alia*, failing to verify the authenticity of Jefferson's purported signatures and failing to verify Jefferson's authorization and acceptance of the purported loans.

**Eleventh Affirmative Defense**

**(Set-off and Recoupment)**

To the extent that Jefferson has any monetary obligation to Alliance, and by virtue of set-off, recoupment or similar doctrines, Jefferson is entitled to have the amount of such obligation reduced by the amount of Alliance's obligations to Jefferson, including, without limitation, Alliance's obligations to Jefferson relating to Jefferson's counterclaims.

**Additional Defenses**

This Action has just begun and discovery has not yet commenced. Jefferson reserves the right to supplement or amend this answer, including through the addition of such other defenses and affirmative defenses, including, without limitation, other affirmative defenses listed in Rule 8(c), Fed.R.Civ.P., as discovery may reveal to be applicable.

**PRAYER FOR RELIEF**

WHEREFORE, Jefferson prays for the entry of judgment:

A. Dismissing Alliance's claim against Jefferson, with prejudice;

B. Ordering that Alliance shall take nothing on its claim against Jefferson;

C. Awarding Jefferson his costs and reasonable attorneys' fees incurred in defending against this Action; and

D. Awarding Jefferson such other and further relief as is just and proper.

**COUNTERCLAIMS AGAINST PLAINTIFF ALLIANCE**

Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Jefferson hereby alleges counterclaims against Plaintiff Alliance.

**JURISDICTIONAL STATEMENT**

1. This Court has jurisdiction over Jefferson's counterclaim under 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. This Court also has supplemental jurisdiction over Jefferson's counterclaims against Alliance pursuant to 28 U.S.C. § 1367.

3. Jefferson's counterclaims arise out of the same transactions or occurrences that are the subject matter of the Complaint.

4. Venue is proper in this district under 28 U.S.C. § 1391(a), because Alliance resides or is deemed to reside in this district, and Alliance is subject to personal jurisdiction in this district.

**FACTUAL BACKGROUND**

5. Jefferson realleges each of the foregoing paragraphs of this Counterclaim and

1  incorporates them by reference as though set forth in full herein.

2  6.  Western Alliance Bank ("Alliance") is an Arizona corporation that was formerly known as, or is believed to have been formerly known as, Alliance Bank of Arizona. This action concerns a dispute over whether Jefferson bears liability for the alleged breach of contract allegedly entered into between Jefferson and Alliance, relating to a revolving line of credit and subsequent documents issued by Alliance in an amount not to exceed $500,000 in or about October 5, 2004.

7.  Jefferson denies that he signed and delivered all of the documents relating to this alleged line of credit, including Exhibits A-K to Appendix to Alliance's Complaint. Moreover, Jefferson affirmatively believes that Exhibits A-K are forgeries, signed without his consent.

8.  Alliance, and Alliance's officers, agents and employees (collectively, "Alliance's Agents"), oversaw, or should have overseen, the execution of these alleged agreements; and Alliance and Alliance's Agents' failed to take reasonable and appropriate measures to verify Jefferson's signature on, and/or his authorization and approval of, the purported agreements relating to the line of credit with Alliance.

9.  Despite notifying Alliance's representatives of the unauthorized and forged documents in or about January 2014, and an ongoing governmental investigation into these matters, Alliance filed suit seeking damages based on an alleged breach of contract.

10.  As a result of the acts, Jefferson has suffered damages, including monetary losses and damages to his reputation.

**FIRST CLAIM FOR RELIEF**
**(Negligence)**

11.  Jefferson realleges each of the foregoing paragraphs 1 through 29 of his Answer, his above affirmative defenses, and paragraphs 1 through 10 above and incorporates them by reference as though set forth in full herein.

12.  Alliance owed a duty to Jefferson.

13.  Alliance breached its duty. Alliance and Alliance's Agents failed to implement and/or follow appropriate procedures to verify the authenticity of the signatures on documents

- 16 -

purporting to name Jefferson as the borrower. Alliance and Alliance's Agents failed to implement and/or follow appropriate procedures to verify Jefferson's authorization and approval of documents purporting to name Jefferson as the borrower.

14. Alliance is jointly and severally liable for the acts and omissions of Alliance's Agents taken, or failed to have been taken, during the scope of Alliance's Agents' employment or agency.

15. Jefferson is informed and believes, and therefore alleges, that Alliance, and Alliance's Agents failed to adequately supervise and oversee the proper execution, authorization and approval of the purported lines of credit referenced herein. Jefferson is informed and believes that Alliance failed to train Alliance's Agents to adequately monitor and supervise the signing of purported loan documents.

16. Alliance and Alliance Agents' had a legal obligation and/or assumed responsibility to implement, maintain, and follow lending procedures in a manner that did not result in the forgery and fraud of multiple purported lines of credit. Alliance and Does 1-100 breached that duty by failing to reasonably and adequately implement, maintain, and/or follow reasonable lending practices resulting in the forging of Jefferson's signature against Jefferson.

17. As a result of Alliance's and Alliance's Agents' conduct, Jefferson has incurred costs and likely will incur additional costs related to this action and to investigate and address the malfeasance as a result of Alliance's and Alliance's Agents' negligent acts and/or omissions. As a direct and proximate result of the acts and/or omissions of Alliance and Alliance's Agents, Jefferson has suffered damages in an amount to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**

(Negligent Supervision)

18. Jefferson realleges each of the foregoing paragraphs 1 through 29 of his Answer, his above affirmative defenses, and paragraphs 1 through 17 above and incorporates them by reference as though set forth in full herein.

19. Alliance had a duty to adequately supervise and train Alliance's Agents.

20. Alliance's Agents engaged in tortious conduct while acting in the course and scope of their employment with Alliance and/or accomplished their tortious conduct by virtue of their job-created authority. Alliance failed to exercise ordinary care in supervising and training Alliance's Agents in their assignment and failed to prevent the foreseeable misconduct of Alliance's Agents from causing harm to others.

21. As a direct result of Alliance's negligent conduct, Jefferson has suffered the injuries and damages described herein.

WHEREFORE, Jefferson prays for judgment against Alliance, as follows:

### **PRAYER FOR RELIEF**

A. Awarding to Jefferson damages in an amount to be determined at the time of trial;

B. Awarding to Jefferson actual costs and attorney's fees of suit;

C. Awarding to Jefferson prejudgment interest on all sums expended in an amount to be determined at the time of trial;

D. For an order directing Alliance to indemnify Jefferson for all sums expended or to be expended for the investigation into monies lost relating to these acts;

E. Declaratory relief establishing Alliance's liability for the purported lines of credit; and

F. Awarding to Jefferson such other relief as the Court deems just and proper, equitable.

///

///

///

1  RESPECTFULLY SUBMITTED May 29, 2014

                                MURPHY, PEARSON BRADLEY & FEENEY

                                By /s/ Bryan L. Saalfeld (with permission)
                                Aaron K. McClellan
                                Bryan L. Saalfeld
                                Aaron K. McClellan
                                Charles N. Bahlert
                                88 Kearny St., 10th Floor
                                San Francisco, California
                                Attorneys for Defendant Richard A. Jefferson


                                TITUS BRUECKNER & LEVINE PLC


                                By /s/ David A. Fitzgerald
                                David A. Fitzgerald
                                8355 E. Hartford Dr., Ste. 200
                                Scottsdale, Arizona
                                Attorney for Defendant Richard A. Jefferson

# **CERTIFICATE OF SERVICE**

I certify that on May 29, 2014, I electronically transmitted the Answer and Counterclaim to the U.S. District Court Clerk's Office using the CM/ECF System for filing.

I further certify that on May 29, 2014, I served the Answer and Counterclaim , by mail on the following:

John R. Clemency, Esq.
Janel M. Glynn, Esq.
GALLAGHER & KENNEDY, P.A.
2575 E. Camelback Road
Phoenix, AZ  85016
*Attorneys for Plaintiff*

/s/ Laurie Ehlers