1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF ARIZONA

10

11  **Western Alliance Bank,**

12              **Plaintiff,**                    **2:14-cv-0761 JWS**

13          **vs.**                               **ORDER AND OPINION**

14  **Richard Jefferson,**                        **[Re: Motion at Docket 113]**

15              **Defendant.**

16  ─────────────────────────────

    **Richard Jefferson,**
17
                **Counter-claimant,**
18
          **vs.**
19
    **Western Alliance Bank,**
20
                **Counter-defendant.**
21
22  ─────────────────────────────

    **Richard Jefferson,**
23
                **Third-party plaintiff,**
24
          **vs.**
25
    **Theodore Kritza & Michelle Lee Kritza,**
26
                **Third-party defendants.**
27
28

                              -1-

# I. MOTION PRESENTED

At docket 113, plaintiff Western Alliance Bank ("Bank") moves to preclude expert opinion testimony by James Tucciarone ("JT").  Third-party defendant Kritza filed a joinder at docket 114.  Defendant Richard Jefferson ("Jefferson") opposes the motion at docket 138.  Bank replies at docket 147.  Oral argument was requested but would not assist the court.

# II. BACKGROUND

The background giving rise to this litigation has been described in detail in the order at docket 183.  It need not be repeated here.  However, some procedural background needs to be set out.

Rule 26(a) and the court's Scheduling Order at docket 26 set out numerous pre-trial tasks to be accomplished by the parties.[1]  Jefferson does not dispute the accuracy of the following:

> 1) Jefferson supplied the disclosures required by Rule 26(a)(1)(A) on July 14, 2014 and did not identify JT as a person likely to possess discoverable information.
>
> 2) Jefferson provided a supplemental disclosure of information required by Rule 26(a)(1)(A) on October 14, 2014 and did not identify JT as a person likely to possess discoverable information.
>
> 3) On November 10, 2014, the date set by the court for Jefferson's expert disclosures, Jefferson identified only William J. Flynn as an expert.  JT was not mentioned.
>
> 4) Jefferson filed the witness list required by the court's order on February 27, 2015, at docket 74.  In it he listed numerous lay witnesses, including JT.  The witness list identified only William J. Flynn as an expert witness.
>
> 5) Also on February 27, 2015, Jefferson supplied a second supplement to the disclosures under Rule 26(a)(1)(A) which indicated for the first time that JT might possess discoverable information.
>
> 6) JT's deposition was noticed for May 7, 2015.  About 12 hours before JT's deposition was to commence, Jefferson disclosed a report and other papers containing JT's opinions, summaries and analyses regarding certain accounts.

---

[1]Some dates in the original Scheduling Order were extended by subsequent orders.

7) At the deposition on May 7, 2015, it was learned that Jefferson had hired JT prior to commencement of this lawsuit which was filed in state court on February 20, 2014.  Jefferson had possession of JT's report and the related documents containing his opinions since January of 2014, if not earlier.

8) Jefferson has not moved to amend the Scheduling Order to permit him to name JT as an expert witness.

9) Discovery has closed.

The recitation of uncontested facts above establishes the conduct of Jefferson's counsel to be among the worst "sand-bagging" the assigned judge has seen since taking the bench in 1992.  In a separate order addressing motions aimed at excluding the testimony of William J. Flynn, the court noted that the late disclosures by Jefferson's counsel were not substantially justified, but nevertheless allowed Jefferson to use Flynn as an expert witness because a lesser sanction than exclusion of his opinion testimony was deemed appropriate.  Here that is not the case.  Nothing short of foreclosing use of JT as an expert witness pursuant to Rule 37(c)(1) is an appropriate sanction for the egregious behavior by Jefferson's lawyers and the prejudice to Bank, Kritza, and the court's efforts to provide for the orderly development of this litigation.

## V.  CONCLUSION

For the reasons above, the motion at docket 113 is GRANTED.  Plaintiff may not call James Tucciarone to offer opinion testimony.  If he is called as a lay witness, any testimony which purports to summarize documents or events must be strictly limited to lay testimony and may <u>not</u> be used as a back door through which opinion testimony is elicited.

DATED this 6th day of August, 2015.


_____
                    /s/
JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE