UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Western Alliance Bank,**<br>　　　　**Plaintiff,**<br>　　　vs.<br>**Richard Jefferson,**<br>　　　　**Defendant.** | 2:14-cv-00761 JWS<br><br>**ORDER AND OPINION**<br><br>[Re: Motion at Docket 149] |
| **Richard Jefferson,**<br>　　　　**Counter-claimant,**<br>　　　vs.<br>**Western Alliance Bank,**<br>　　　　**Counter-defendant.** | |
| **Richard Jefferson,**<br>　　　　**Third-party plaintiff,**<br>　　　vs.<br>**Theodore Kritza & Michelle Lee Kritza,**<br>　　　　**Third-party defendants.** | |

## I.  MOTION PRESENTED

At docket 149 defendant, counter-claimant, and third-party plaintiff Richard Jefferson ("Jefferson") filed a motion *in limine* to exclude what he refers to as "the 12/20/13 letter."[1] Third-party defendants Theodore Kritza and Michelle Lee Kritza (collectively, "Kritza") filed an opposition at docket 155; plaintiff and counter-defendant Western Alliance Bank ("Alliance") filed an opposition at docket 156.  Jefferson filed a combined reply at docket 168.  Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

The court has described the background giving rise to this litigation in detail in the order at docket 183.  It need not be repeated here.  Suffice it to say, for purposes of the present motion, that Alliance sued Jefferson to recover an unpaid debt.  Alliance's complaint alleges that attached to its complaint are "individual loan and change in terms agreements comprising the Loan Agreement."[2]  The ultimate document is the 12/20/13 letter,[3] which Alliance alleges is a forbearance agreement between Alliance and Jefferson under which Jefferson would make a $50,000 principal reduction payment in exchange for Alliance's promise to forbear from exercising its remedies under the loan documents.  Jefferson's alleged breach of the terms of the 12/20/13 letter is the operative default at issue in Alliance's case against Jefferson.[4]

## III.  DISCUSSION

Jefferson argues that the 12/20/13 letter should be excluded pursuant to Evidence Rule 403.  That rule states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of," among other things,

---

[1] Doc. 149 at 1.  For purposes of consistency, the court will do the same.

[2] Doc. 1-3 at 4 ¶ 8.

[3] Doc. 1-4 at 82-85.

[4] Doc. 1-3 at 4 ¶¶ 10-13.

"unfair prejudice, confusing the issues," or "misleading the jury."[5]  "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.  The Rule requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons substantially outweigh the probative value."[6] "'Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.  Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'"[7]

Jefferson does not seriously dispute the probative value of the alleged forbearance agreement, nor could he.  Instead, Jefferson asserts that the 12/20/13 letter "makes reference to amendments that do not exist, and have never existed," and falsely implies that two loans that were paid off were outstanding.[8]  Jefferson also claims that he is not bound by the terms of the 12/20/13 letter because of Alliance's misrepresentations.  Jefferson does not elaborate on how the letter might unduly suggest the decision of any issue on an improper basis, or how the jury might be confused or misled by the letter.

Jefferson has not shown that the probative value of the 12/20/13 letter is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.  Although Jefferson contends that his evidence shows that some statements in the letter are false or misleading, he does not explain why the jury might be incapable of weighing that evidence alongside the 12/20/13 letter and making

---

[5] Fed. R. Evid. 403.

[6] *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013) (citations and internal quotation marks omitted).

[7] *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir.1983)).

[8] Doc. 149 at 13-14.

appropriate findings of fact. That is exactly what juries are supposed to do.[9] The existence of evidence that tends to show that the 12/20/13 letter contains misleading statements, without more, does not render that letter inadmissible under Rule 403.[10]

### IV. CONCLUSION

Based on the preceding discussion, Jefferson's motion at docket 149 is **DENIED**.

DATED this 17th day of August 2015.

                                                /S/
                                       JOHN W. SEDWICK
                  SENIOR UNITED STATES DISTRICT JUDGE

---

[9] *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions . . . .").

[10] *Hankey*, 203 F.3d at 1172 ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.") (citation and internal quotation marks omitted).