1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF ARIZONA**

10
11

**Western Alliance Bank,**

12

        **Plaintiff,**

**2:14-cv-00761 JWS**

13

    **vs.**

**ORDER AND OPINION**

14

**Richard Jefferson,**

**[Re: Motion at Docket 154]**

15

       **Defendant.**

16

**Richard Jefferson,**

17

       **Counter-claimant,**

18

    **vs.**

19

**Western Alliance Bank,**

20

       **Counter-defendant.**

21
22

**Richard Jefferson,**

23

       **Third-party plaintiff,**

24

    **vs.**

25

**Theodore Kritza & Michelle Lee Kritza,**

26

       **Third-party defendants.**

27
28

1

## I.  MOTION PRESENTED

2          At docket 154, third-party defendant Theodore Kritza ("Kritza") moves for a

3 declaration that the errata sheet to his deposition was timely submitted to the court

4 reporter.  Defendant, counter-claimant, and third-party plaintiff Richard Jefferson

5 ("Jefferson") opposes at docket 169.  Kritza replies at docket 180.  Oral argument was

6 requested but would not assist the court.

7

## II.  DISCUSSION

8          The background giving rise to this litigation is described in some detail in the

9 order at docket 183.  It need not be repeated here.

10          Rule 30(e) provides that a deponent who requests an opportunity to do so prior

11 to the conclusion of his deposition "must be allowed 30 days after being notified by the

12 officer that the transcript or recording is available in which [to review and make

13 changes]."  Changes may be made in both form and substance.  However, the reasons

14 for the changes must be provided in a signed statement ("Statement").[1]

15          In his deposition Kritza testified that he, rather than Stratosphere Management,

16 was the borrower on a $2 million promissory note.  After the deposition, Kritza provided

17 a Statement pursuant to Rule 30(e) in which he corrected his testimony to say that

18 Stratosphere Management, rather than Kritza, was the borrower.

19          Kritza is motivated to request a declaration of the Statement's timeliness by

20 Jefferson's argument in other motion papers that Kritza's Statement is a "sham"

21 because it was not timely provided to the court reporter.[2]  Jefferson relied on hearsay

22 statements recounted by his own lawyer as the basis for the assertion of untimeliness.[3]

23 In contrast to Jefferson's improperly supported assertion of untimeliness, Kritza's

24

25          [1]Fed. R. Civ. P. 30(e).

26          [2]In support of a motion to compel production of certain records, Jefferson argues that
27 the Statement was untimely.

28          [3]*Id.*

1  papers include a declaration from the court reporter which demonstrates that the

2  Statement was, in fact, timely provided.[4]

3       In his response Jefferson argues that even if the Statement were timely, the

4  change is substantive and must be disregarded as a sham, because the change was

5  contrived to create a disputed issue of material fact with respect to pending dispositive

6  motions.[5]  Jefferson relies on *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*[6]

7       In *Hambleton*, a deponent made untimely corrections to his deposition testimony

8  in a signed errata, but the errata included no reasons for making the corrections.  The

9  Ninth Circuit opined that perhaps in some instances corrections that were only a day or

10 two late might be considered, but noted: "A statement of reasons explaining corrections

11 is an important component of errata submitted pursuant to FRCP 30(e), because the

12 statement permits an assessment concerning whether the alterations have a legitimate

13 purpose."[7]  The appellate court also found the timing of the errata to be a problem, for it

14 was not submitted until after an opponent's motion for summary judgment had been

15 filed.  The court explained: "While the language of FRCP 30(e) permits corrections 'in

16 form or substance,' this permission does not properly include changes offered solely to

17 create a material factual dispute in a tactical attempt to evade an unfavorable summary

18 judgment."[8]

19

20

21

22

---

23    [4]Declaration of Jane M. Doyle, doc. 154-1 at 2, and time calculation pursuant to Fed. R.
24 Civ. P. 6(a)(1)(C).

25    [5]Doc. 169 at 3.

26    [6]397 F.3d 1217 (9th Cir. 2005).

27    [7]*Id*. at 1224-25.

28    [8]*Id*. at 1225.

-3-

1    Finally, in *Hambleton*, the appellate court noted that the record did not show that

2  the deponent had requested a chance to review the transcript. Such a request is

3  required by Rule 30(e).[9]

4    The situation at bar differs sharply from the circumstances in *Hambleton*. First,

5  the corrections made were timely submitted. Second, Kritza did offer an explanation for

6  his changes, saying that he did not have the promissory note to consult when he

7  answered the question at issue.[10] Kritza also points out that the answer was given

8  during the course of a seven-hour deposition.[11] An examination of the exhibits supplied

9  with the motion papers shows that Kritza's deposition commenced at 9:06 AM,

10  concluded at 6:00 PM, and that the corrected answer was transcribed at page 289 of

11  the 293 page transcript.[12] The court finds the explanation offered to be reasonable and

12  credible, such that the change in the deposition testimony is considered to have been

13  made for a legitimate purpose.

14    Third, and importantly, Kritza's correction of the transcript was made well *before*

15  either of the pertinent motions for summary judgment was filed. He made the

16  correction some time before it was delivered to the court reporter on March 9, 2015.[13]

17  The two motions for summary judgment of concern here were each filed on May 29,

18  2015.[14] It is appropriate to add that the correction saying that Stratosphere

19  Management was the borrower is consistent with the promissory note itself, which

20

21    [9]*Id*. at 1226.

22
      [10]Doc. 154-1 at 9.
23
      [11]Doc. 180 at 3.
24

25    [12]Commencement of the deposition at 9:06 AM is shown by doc. 154-1 at 15; conclusion
   of the deposition at 6:00 PM, and the end of the transcript at page 293 are shown by doc. 154-1
26  at 10; and the correction is shown to be at page 289 by doc. 154-1 at 9.

27    [13]Doc. 154-1 at ¶ 5.

28    [14]Docs. 129 and 132.

1  shows that to be the case.[15]  Finally, unlike the deponent in *Hambleton*, Kritza's lawyer

2  did make the requisite request to review the transcript.[16]

### III.  CONCLUSION

4        For the reasons above, the motion at docket 154 is granted.  Kritza's Statement

5  is declared to have been timely submitted and may properly be considered.

6        DATED this 18th day of August 2015.


8                                          /S/
9                           JOHN W. SEDWICK
                      SENIOR UNITED STATES DISTRICT JUDGE

---

27  [15]Doc. 159-1 at 44-48.

28  [16]Doc. 154-1 at 16 (l. 24 on p. 292 of the transcript).