# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Western Alliance Bank,** | ) |
|     Plaintiff, | )    2:14-cv-0761 JWS |
|     vs. | )    **ORDER AND OPINION** |
| **Richard Jefferson,** | )    [Re: Motions at dockets 210, 218] |
|     Defendant. | ) |
| **Richard Jefferson,** | ) |
|     Counter-claimant, | ) |
|     vs. | ) |
| **Western Alliance Bank,** | ) |
|     Counter-defendant. | ) |
| **Richard Jefferson,** | ) |
|     Third-party plaintiff, | ) |
|     vs. | ) |
| **Theodore Kritza & Michelle Lee Kritza,** | ) |
|     Third-party defendants. | ) |

## I. MOTIONS PRESENTED

At docket 210 third-party defendants Theodore Kritza and Michelle Lee Kritza (collectively, "Kritza") filed a motion pursuant to LRCiv 7.2 and 56.1 for leave to file a supplemental statement of facts in support of his motion for partial summary judgment. His present motion was filed contemporaneously with his reply in support of his partial summary judgment motion at docket 212. At docket 218 defendant, counter-claimant, and third-party plaintiff Richard Jefferson ("Jefferson") filed an opposition to Kritza's motion as well as two cross-motions: one to strike certain portions of Kritza's reply and another, in the alternative, for leave to file a surresponse and controverting statement of facts. At docket 219 Kritza filed a reply in support of his motion and an opposition to Jefferson's motions. Jefferson filed replies in support of his motions at dockets 223 and 224. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

After Kritza filed his partial summary judgment motion at docket 127, the court ruled at docket 183 that Jefferson's damages disclosure did not comply with Rule 26(a)(1) and ordered him to supplement the disclosure to bring it into compliance with the rule. Jefferson supplemented his disclosure on August 14, 2015.[1] Kritza filed his present motion to supplement the statement of facts he filed in support of his partial summary judgment motion with facts from Jefferson's August 14 disclosure.

## III. DISCUSSION

"[N]either the Federal nor the Local Rules of Civil Procedure permit the filing of a supplemental statement of facts."[2] Nevertheless, this case presents an exceptional situation. The district court is obligated to administer the Civil Rules with an eye toward securing the just, speedy, and inexpensive resolution of every action.[3] "The Rules of

---

[1] Doc. 210-1 at 2-6.

[2] *Moore v. Computer Associates Int'l, Inc.*, 653 F. Supp. 2d 955, 961 (D. Ariz. 2009).

[3] Fed. R. Civ. P. 1.

Civil Procedure were adopted in an effort to put an end to the sporting theory of justice"[4] and instead to "provide for full and fair hearings on the merits"[5] when justice so requires. To allow Jefferson to violate these rules with his deficient damages disclosure and then benefit from that violation would be unjust and contrary to the spirit of the rules. Further, Jefferson will not be prejudiced if Krtiza is allowed to supplement his statement of facts because there will be no unfair surprise—the source of the new facts is Jefferson himself—and Jefferson will have the opportunity to file a surresponse.

## IV.  CONCLUSION

Based on the preceding discussion, Kritza's motion at docket 210 is **GRANTED**; Jefferson's motion to strike at docket 218 is **DENIED**; and Jefferson's motion for leave to file a surresponse and controverting statement of facts at docket 218 is **GRANTED**. Kritza shall file his proposed supplemental statement of facts within two days. The court will entertain a surresponse from Jefferson filed within seven days of Kritza's filing, provided that any supplementary controverting statement of facts may not exceed 3 pages and the related memorandum may not exceed 3 pages (excluding the pages containing the case heading).

DATED this 30th day of September, 2015.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[4] *Cent. Distributors, Inc. v. M. E. T., Inc.*, 403 F.2d 943, 946 (5th Cir. 1968). *See also* Roscoe Pound, *The Causes of Popular Dissatisfaction with the Administration of Justice*, 29 REP. A.B.A. 395, 404-05 (1906), *reprinted in* 35 F.R.D. 273, 281 (1964) (stating that the sporting theory of justice "leads counsel to forget that they are officers of the court and to deal with the rules of law and procedure exactly as the professional football coach with the rules of the sport. It leads to exertion to 'get error into the record' rather than to dispose of the controversy finally and upon its merits.").

[5] *Middle Atl. Utilities Co. v. S. M. W. Dev. Corp.*, 392 F.2d 380, 386 (2d Cir. 1968).