1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9                    DISTRICT OF ARIZONA
10

11  **Western Alliance Bank,**
12              **Plaintiff,**                    **2:14-cv-0761 JWS**
13        **vs.**                                 **ORDER AND OPINION**
14  **Richard Jefferson,**                        **[Re: Motion at docket 182]**
15              **Defendant.**
16  _____
    **Richard Jefferson,**
17
                 **Counter-claimant,**
18        **vs.**
19  **Western Alliance Bank,**
20               **Counter-defendant.**
21  _____
22  **Richard Jefferson,**
23              **Third-party plaintiff,**
24        **vs.**
25  **Theodore Kritza & Michelle Lee**
    **Kritza,**
26
                **Third-party defendants.**
27  _____
28

-1-

## I.  MOTION PRESENTED

At docket 182 defendant, counter-claimant, and third-party plaintiff Richard Jefferson ("Jefferson") moves to strike the filing of plaintiff and counter-defendant Western Alliance Bank ("Alliance") at docket 177.  Alliance opposes at docket 189. Jefferson replies at docket 200.  Oral argument was not requested and would not assist the court.

## II. STANDARD OF REVIEW

Local Rule of Civil Procedure ("Local Rule") 7.2(m) governs motions to strike.  It provides in pertinent part that a motion to strike may be filed "if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."[1]  The decision to grant or deny a motion to strike is within the court's discretion.[2]

## III.  DISCUSSION

Alliance filed a motion for summary judgment[3] supported by a fourteen-page, sixty-paragraph separate statement of facts ("SOF").[4]  Jefferson filed an opposition to the motion[5] supported by a 140-page document that contains his controverting statement of facts ("CSOF") and additional statement of facts ("ASOF").[6]  Alliance then filed a reply[7] and a separate response to Jefferson's CSOF and ASOF.[8]  Alliance's

---

[1]LRCiv 7.2(m)(1).

[2]*Spencer v. Stapler*, No. 04-1532 PHX SMM, 2006 WL 2052704, at *2 (D. Ariz. July 21, 2006).

[3]Doc. 131.

[4]Doc. 134.

[5]Doc. 163.

[6]Doc. 166.

[7]Doc. 174.

[8]Doc. 177.

1   separate response is the subject of Jefferson's present motion to strike.  In it, Alliance

2   (1) objects to facts set out in Jefferson's ASOF as being "repetitive;" (2) responds to

3   facts set out in Jefferson's ASOF that it concedes are not repetitive; and (3) responds to

4   Jefferson's evidentiary objections to its own SOF.[9]

5        Jefferson argues that Alliance's response is unauthorized by the Local Rules.

6   He is correct.  If the moving party wishes to respond to a non-moving party's statement

7   of facts or evidentiary objections, it may do so in its reply memorandum—not in a

8   separate responsive memorandum.[10]  Because Alliance's separate memorandum

9   responds to Jefferson's ASOF and the evidentiary objections in Jefferson's CSOF, it is

10  unauthorized and Jefferson's motion to strike will be granted.

11       The court notes that Jefferson's filing at docket 166 also violates the Local

12  Rules.  Local Rule 7.2 permits a non-moving party to include in its controverting

13  statement of facts objections to the moving party's statement of facts, but such

14  objections "must be stated summarily without argument."[11]  Argument belongs in the

15  non-moving party's opposition brief, within the page limit.[12]  Jefferson's 103-page CSOF

16  flaunts this rule; it is filled with objections accompanied by explanation and argument.

17  Many of Jefferson's objections span multiple pages.[13]  Jefferson's arguments in support

18  of his evidentiary objections are improper and will not be considered by the court.

19

20

21       [9]Doc. 177.

22       [10]*See B2B CFO Partners, LLC v. Kaufman*, 856 F. Supp. 2d 1084, 1086-87 (D. Ariz.
23  2012) ("The Local Rules do not contemplate . . . filing a separate response to the non-moving
    party's statement of facts. "); LRCiv 7.2(m)(2) ("Any response to an objection must be included
24  in the responding party's reply memorandum for the underlying motion and may not be
    presented in a separate responsive memorandum.").
25

26       [11]LRCiv 7.2(m)(2).

27       [12]*Marceau v. Int'l Bhd. of Elec. Workers*, 618 F. Supp. 2d 1127, 1141 (D. Ariz. 2009).

28       [13]*See, e.g.,* Doc. 166. at 38-41, 71-75.

### IV.  CONCLUSION

Based on the preceding discussion, Jefferson's motion to strike at docket 182 is **GRANTED**; Alliance's filing at docket 177 is hereby stricken.  Further, the court will consider or disregard Jefferson's filing at docket 166 consistent with the authority discussed above.

DATED this 7th day of October, 2015.


_____/s/_____

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

-4-