UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Western Alliance Bank, | ) | |
|     Plaintiff, | ) | 2:14-cv-0761 JWS |
| vs. | ) | ORDER AND OPINION |
| Richard Jefferson, | ) | [Re:  Motions at Dockets 313, 316, and 322] |
|     Defendant. | ) | |
| Richard Jefferson, | ) | |
|     Counter-claimant, | ) | |
| vs. | ) | |
| Western Alliance Bank, | ) | |
|     Counter-defendant. | ) | |
| Richard Jefferson, | ) | |
|     Third-party plaintiff, | ) | |
| vs. | ) | |
| Theodore Kritza & Michelle Lee Kritza, | ) | |
|     Third-party defendants. | ) | |

## I.  MOTIONS PRESENTED

Before the court are three motions.  First, at docket 313 plaintiff Richard Jefferson ("Jefferson") and non-party the United States of America move pursuant to the Privacy Act and Rule 26(c) for a Privacy Act order and a protective order to permit the release of records that include information subject to the Privacy Act.  Defendants

Theodore Kritza and Michelle Lee Kritza (collectively, "Kritza") oppose at docket 315. The United States replies at docket 320.

Second, at docket 316 Kritza moves pursuant to Rules 16(f) and 45 to quash Jefferson's subpoena to the FBI. Jefferson opposes at docket 321. Kritza replies at docket 324.

And third, at docket 322 Jefferson moves pursuant to Rule 16(b)(4) for an order modifying the Scheduling and Planning Order to reopen discovery into the FBI's criminal investigation of Kritza. Kritza opposes at docket 323. Jefferson replies at docket 325.

Oral argument was requested on Kritza's motion at docket 316 and Jefferson's motion at docket 322, but oral argument would not assist the court.

## II.  BACKGROUND

After the close of discovery, Jefferson issued a subpoena to the FBI requesting production of 21 categories of documents that pertain to a criminal investigation relevant to this case.[1] The FBI agreed to produce documents responsive to some, but not all, of Jefferson's requests.[2] Because the responsive information "had been obtained pursuant to an ongoing criminal investigation and was acquired pursuant to Grand Jury subpoenas," the FBI sought and obtained an order from the judge presiding over the Grand Jury permitting their disclosure.[3]

## III.  DISCUSSION

Jefferson's present motions seek an order extending the discovery deadline to allow limited discovery into the FBI's criminal investigation of Kritza, a Privacy Act order, and a protective order. Kritza opposes these requests because discovery has already closed. Rule 16(b) provides that a pretrial scheduling order may be modified "for good

---

[1] Doc 301-8 at 2-9.

[2] Doc 313 at 2.

[3] *Id.*

cause and with the judge's consent."[4]  As the court discussed in its order at docket 183, the court's inquiry focuses on the moving party's diligence.  Based on the circumstances set out in Jefferson's motion papers, the court finds that Jefferson has demonstrated adequate diligence, and good cause exists to modify the scheduling order to permit discovery into the FBI's responses to Jefferson's subpoena.

## IV.  CONCLUSION

Based on the preceding discussion, the motions at docket 313 and 322 are **GRANTED**; the motion at docket 316 is **DENIED**.  The Scheduling Order is hereby modified for the limited purpose of allowing the parties 60 days from the date the FBI produces the records to conduct limited discovery regarding the records produced by the FBI.

**IT IS FURTHER ORDERED** that the United States is authorized to disclose the documents and information sought by the subpoena as described in the motion at docket 313 as follows:

1. The United States is authorized to release to the parties in this action, and the parties in this action are authorized to disclose and use, documents and information protected by the Privacy Act, 5 U.S.C. § 552a, without obtaining the prior consent of the individuals to whom such documents and information pertain, on the terms and conditions set forth in this Order.

2. Government records that identify specific individuals or contain sensitive law enforcement information, as determined by the United States, shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and once so designated, the documents and information shall be deemed "protected Information" subject to this Order.

---

[4]Fed. R. Civ. P. 16(b)(4).

3. Protected Information may be used only for purposes of the above-captioned litigation and any appellate proceedings in this action, and for no other proceeding or purpose.

4. No person having access to Protected Information shall disclose such information to any person except as provided in this Order. Protected Information may be disclosed only to (a) the parties in this action, (b) legal counsel to the parties in this action and such counsel's law clerks, paralegals, assistants, experts and consultants to the extent reasonably necessary to render professional services in this case, (c) legal counsel to the United States appearing in this action and such counsel's law clerks, paralegals, assistants, (d) licensed court reporters used in this action, (e) this Court and its staff, and (f) the jury in this action.

5. Except as provided herein, no person having access to the Protected Information shall make public disclosure of those records or that information without further Order of this Court. Any Protected Information filed within this matter must be filed under seal pursuant to paragraph 9.

6. If a marked document is (other than the marking) identical to a previously disclosed unmarked document in this litigation, that document (either marked or unmarked) shall be subject to this order.

7. All individuals to whom documents or information subject to this order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity.

8. The United States and Mr. Jefferson reserve the right to move the Court to modify the terms of this Protective Order at any time, and each reserves the right to oppose any motion to modify the terms of the Protective Order.

9. Unless this Court has previously ruled that a document or information is not subject to the Privacy Act and/or the Privacy and Protective Order, or not otherwise

within the scope of this Order, Protected Information may be presented to the Court only under seal.

10. Within sixty (60) days of the termination of this case, including any subsequent appeals, all Protected Information shall be destroyed or returned to the United States, and all documents that contain or refer to Protected Information shall be destroyed or redacted. Any person having access to Protected Information shall, upon request of the United States, promptly certify in writing that all Protected Information in his or her possession, custody or control has been returned to the United States, destroyed, or redacted in accordance with this Order.  Provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case, or as necessary to be retained as per attorney ethical obligations.

11. Neither the United States, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained under this Order, or of any information contained in such documents.

12. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

13. The terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure.

14. The Court may modify this Order in the interests of justice or for public policy reasons.

Accordingly, pursuant to 5 U.S.C. § 552a(b)(11), the United States is authorized to disclose protected records relevant to this litigation, without obtaining prior written

1  consent of the individuals to whom those records pertain. Such documents shall be
2  marked "SUBJECT TO PROTECTIVE ORDER."
3       DATED this 13th day of November 2016.

5                    /s/ JOHN W. SEDWICK
                SENIOR JUDGE, UNITED STATES DISTRICT COURT